UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE UPPER PENINSULA
PLUMBERS' AND PIPEFITTERS' HEALTH
& WELFARE FUND, et al,

   Plaintiffs,              Case No. 4:03-CV-157

v                       Hon. Gordon J. Quist

J & N PLUMBING & HEATING, INC.,

   Defendant.
_____/

**REPORT AND RECOMMENDATION**

   On March 16, 2004, this court entered a Default Judgment against the defendant corporation which had failed to make certain fringe benefit contributions to plaintiff on behalf of its employees. Defendant was also required by the Judgment to post a surety bond and make contributions that would accrue in the future. The amount of $18,406.09 remains owing on the Judgment, and as of mid-2005, defendant has stopped making the agreed-upon $1,500.00 monthly payments on the Judgment. Defendant has also failed to post a surety bond and has stopped making contributions for work performed in August 2005 and going forward.

   Unable to obtain the relief provided by the Judgment, plaintiffs brought a motion for an order to show cause requiring the defendant to explain why it has not complied with the terms of the Default Judgment and why the defendant, and its sole executive officer, Jeff Norman, should not be held in contempt. The motion was referred to the undersigned, and a hearing was held on January

1

18, 2006. Neither defendant nor Mr. Norman appeared at the hearing.

Civil contempt must be established by clear and convincing evidence. *Glover v Johnson,* 138 F.3d 229, 244 (6th Cir., 1998); *Goluba v School District of Ripon,* 45 F.3d 1035, 1937 (7th Cir., 1995). Based upon the representations made at the hearing, I am satisfied that the defendant and its executive, Jeff Norman, are well aware of the proceedings before the court, but have chosen to disregard these proceedings, including the obligations imposed by the court's Judgment entered March 16, 2004. There is no question that defendant knew of its obligation under the Judgment, since it had been paying on the same, before it chose it chose to stop paying. Accordingly, I find that defendant and its executive officer are in violation of this court's order.

Where it has been established that the alleged contemnor has violated a court order, the burden shifts to the defendant to show an inability to comply. *U.S. v Rylander,* 460 U.S. 752, 757 (1983). The Sixth Circuit Court of Appeals has given recent guidance concerning the availability of contempt as a remedy for failure of a defendant to satisfy a judgment. *Electrical Workers Pension Trust Fund v. Gary's Electrical Service Co.,* 340 F.3d 373 (6th Cir. 2003), arose from the failure of an electrical contractor to satisfy a judgment for past-due contributions under a collective bargaining agreement. The Court of Appeals held, among other things, that a contempt citation is available against both a corporate defendant and its officers for wilful failure to satisfy such a judgment. In order to hold defendants in contempt, the movant must produce clear and convincing evidence showing that defendants violated a definite and specific order of the court requiring them to perform or refrain from performing a particular act, and that defendants did so with knowledge of the court's order. 340 F.3d at 379. Once the movant establishes a *prima facie* case, the burden shifts to the contemner, who may defend by coming forward with evidence showing that

he is presently unable to comply with the court's order. *Id.* (citing *United States v Rylander,* 460 U.S. 752, 757 (1983)). To meet this production burden, defendants must show "categorically and in detail" why they are unable to comply with the court's order. 340 F.3d at 379.

While a mere assertion of a present inability to pay alone is insufficient to avoid a finding of civil contempt, *Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension fund, et al, v Brotherhood Labor Leasing, et al,* 207 F.3d 500, 506 (8th Cir. 2000), here defendant has not even made such assertion in defense of the motion. Indeed, it would be difficult to see how such a defense could plausibly be made in this case since defendant continues to be a viable, ongoing corporation. Since defendant has not claimed in this court, much less proven, an inability to pay, there is no reason to find such an inability exists.

It is also evident from the record that Mr. Norman is the sole executive officer of J & N Plumbing & Heating, Inc., and is the key figure in the management of that organization. He was clearly the person responsible for ensuring that the payments discussed above were timely made. "It is well settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Chicago Truck, supra,* at 507, citing *Bessetta v W.B. Conkey Co.,* 194 U.S. 324, 325 (1904). *Chicago Truck,* and the several cases cited therein, provide ample authority for the proposition that where an individual is sufficiently "legally identified" with a small corporation as being in a position to carry out acts on its behalf, he may be subject to a contempt finding for their violation. *Id.* at 507; *Central States, SE & SW Areas Pension Fund v Wintz Props., Inc.,* 155 F.3d 868, 876 (7th Cir. 1998)(company's president held in civil contempt for failing to comply with court order requiring company to make ERISA payments even though officer was not a named party in the underlying litigation.) *See, Electrical Workers,* 340 F.3d at 282. Based

upon the uncontroverted record before the court, I find by clear and convincing evidence that the defendant and its executive, Jeff Norman, knowingly violated the court's Judgment, despite an ability to comply with that judgment.

The purpose of the civil contempt sanction is compensatory and remedial. The purpose is not to punish Mr. Norman. Proper compliance by Mr. Norman with this court's Judgment would have mandated him to cause his company to pay the remaining amount of the Judgment ($18,406.09), or at a minimum the remaining installments thereon, together with the other obligations under the Judgment. It is therefore appropriate that the court order Mr. Norman personally pay plaintiff this combined amount, less any portion of this amount that shall be paid by defendant. *Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund, et al, v Brotherhood Labor Leasing, et al,* 2002 U.S. Dist. Lexis 21080/E.D. No. 9-12-2002 (*Chicago Truck II*). This is appropriate since the corporate defendant can act only through its human manager, who in this case has chosen to ignore the corporation's legal obligation imposed by the court and instead to hold or divert elsewhere the funds necessary to meet this obligation.

### **Recommendation**

I certify the contemptuous conduct described above based on the uncontroverted record presently before the court. Accordingly, I respectfully recommend that the motion be GRANTED and that both defendant and its executive, Jeff Norman, be held in civil contempt for failure to pay the amount set forth in the Judgment, and for failure to pay the continuing obligations of the company as contemplated by the Judgment. I further recommend that if the defendant and J & N Plumbing & Heating have not purged themselves of contempt within twenty-one (21) days of the court's order by bringing themselves fully in compliance with the court's Judgment of March 16,

2004, that the court schedule a hearing to determine an appropriate sanction.

The Clerk is directed to serve a copy of this Report and Recommendation upon defendants at the address shown below:

>J & N Plumbing & Heating, Inc.
>6096 - 23rd Lane
>Gladstone, MI   49837
>
>Mr. Jeff Norman
>J & N Plumbing & Heating, Inc.
>6096 - 23rd Lane
>Gladstone, MI   49837

Dated:  January 24, 2006                     /s/ Hugh W. Brenneman, Jr.
                                            Hugh W. Brenneman, Jr.
                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *Neuman v Rivers,* 125 F.3d 315, 322-23 (6th Cir.), *cert denied,* 522 U.S. 1030 (1992); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).